UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAULA BISHOP-IVORY, NINA
FABIANO, PATTI HIRSCH, JASON
HODGES, TERESA SMALLEY, and
LORI WOODAREK,

      Plaintiffs,

Case No: 8:15-cv-1760-EAK-TBM

v.

CASTFORCE, INC.,

      Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, CASTFORCE, INC. ("Defendant"), by way of Answer to the Complaint of Plaintiffs, PAULA BISHOP-IVORY, NINA FABIANO, PATTI HIRSCH, JASON HODGES, TERESA SMALLEY, and LORI WOODAREK, says:

### A. Introduction

1. Defendant is without sufficient knowledge to either admit or deny the allegations contained in this paragraph and therefore they are denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

    8.    Denied

**B. <u>Jurisdiction and Venue</u>**

    9.    Defendant admits that this court has jurisdiction over claims under the Fair Labor Standards Act (FLSA).

    10.    Defendant admits that this Court has jurisdiction over Defendant.

    11.    Defendant denies that there is any need for declaratory relief.

    12.    Defendant admits that venue is appropriate in this Court.

**C. <u>The Parties</u>**

  **Plaintiffs**

    13.    Denied.

  **Paula Bishop-Ivory**

    14.    Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

    15.    Defendant admits that Bishop was employed by Defendant during the last two years. The remaining allegations are denied.

    16.    Denied.

    17.    Denied.

    18.    Denied.

**Nina Fabiano**

19.     Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

20.     Defendant admits that Fabiano was employed by Defendant during the last two years.   The remaining allegations are denied.

21.     Denied.

22.     Denied.

23.     Denied.

**Patti Hirsch**

24.     Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

25.     Defendant admits that Hirsch was employed by Defendant during the last two years.   The remaining allegations are denied.

26.     Denied.

27.     Denied

28.     Denied

**Jason Hodges**

29.     Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

30. Defendant admits that Hodges was employed by Defendant during the last two years. The remaining allegations are denied.

31. Denied.

32. Denied

33. Denied

**Teresa Smalley**

34. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

35. Defendant admits that Smalley was employed by Defendant during the last two years. The remaining allegations are denied.

36. Denied.

37. Denied

38. Denied

**Lori Woodarek**

39. Defendant is without sufficient knowledge to admit or deny the allegations of this paragraph.

40. Defendant admits that Woodarek was employed by Defendant during the last two years. The remaining allegations are denied.

41. Denied.

42. Denied

43. Denied

**Defendant**

44. Defendant admits the allegations of this paragraph.

45. Defendant admits the allegations of this paragraph.

46. Defendant admits the allegations of this paragraph.

47. Defendant admits that it was the employer of the Plaintiffs under the FLSA, but denies all remaining allegations of this paragraph.

**D. General Allegations**

48. Denied

49. Denied

50. Denied

51. Denied

52. Denied

53. Denied

54. Defendant admits that there are exemptions to the overtime provisions of the FLSA. To the degree that Plaintiffs are alleging anything beyond that, Defendant denies the remaining allegations of this paragraph.

55. Denied

56. Denied as this appears to be legal argument.

57. Denied as this appears to be legal argument.

**E. Collective Action Allegations**

58. Denied

**Count 1- Working Off the Clock**

59. Defendant re-alleges the responses provided in paragraphs one through fifty-eight as if fully set forth herein.

60. Denied

61. Denied

62. Denied

63. Denied

64. Denied

65. Denied

66. Denied

**Count 2 – Failure to Properly Calculate/pay Overtime Compensation**

67. Defendant re-alleges the responses provided in paragraphs one through fifty-eight as if fully set forth herein.

68. Denied

69. Defendant denies the allegations of this paragraph. Further, Defendant notes that although Plaintiffs were exempt under the provisions of the FLSA, Defendant paid Plaintiffs overtime wages and an additional equal amount.

70. Denied

71. Denied

72. Denied

**Count 3 – Unpaid Wages Pursuant To §448.08**

73. Defendant re-alleges the responses provided in paragraphs one through fifty-eight as if fully set forth herein.

74. Denied

75. Denied

76. Denied

77. Defendant denies the allegations of this paragraph and denies that §448.08 provides a right of action.

## DECLARATORY RELIEF

78. Defendant re-alleges the responses provided in paragraphs one through fifty-eight as if fully set forth herein.

79. Defendant admits the allegations of this paragraph

80. Denied that there is any need for declaratory relief.

81. Denied.

82. Admitted

83. Admitted

84. Denied as Defendant is unaware of the Plaintiffs use of the term "covered."

85. Denied

86. Denied that Plaintiffs were entitled to be paid overtime but Defendant notes that although Plaintiffs were exempt under the provisions of the FLSA, Defendant paid Plaintiffs overtime wages and an additional equal amount.

87. Denied

88. Denied

89. Denied

90. Denied

91. Denied

92. Denied

### Prayer for Relief

Defendant denies that Plaintiffs are entitled to any relief and advises Plaintiffs of Defendant's intention to seek to recover its fees and costs pursuant to Fla. Stat. §448.08

### AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

Further defending, Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

Further defending, to the extent that Plaintiffs establish any failure on Defendant's part to pay overtime compensation, such failure was in good faith, in conformity with and in reliance upon a written administrative regulation, order, ruling, approval or interpretation, or upon an administrative practice or enforcement policy.

**THIRD AFFIRMATIVE DEFENSE**

Further defending, the employment action giving rise to the instant suit was taken in good faith, and Defendant had reasonable grounds for believing that such action was not a violation of the FLSA.

**FOURTH AFFIRMATIVE DEFENSE**

Further defending, to the extent that Plaintiffs have failed to make a good faith, reasonable effort to mitigate damages, they are not entitled to relief.

**FIFTH AFFIRMATIVE DEFENSE**

Further defending, Defendant is entitled to a set off for any amounts recovered by Plaintiffs through efforts to mitigate damages.

**SIXTH AFFIRMATIVE DEFENSE**

Further defending, Plaintiff is exempt from the FLSA.

## **SEVENTH AFFIRMATIVE DEFENSE**

Further defending, Plaintiff is exempt from the FLSA.

## **EIGHT AFFIRMATIVE DEFENSE**

Further defending, to the degree that there were any improper deductions made from Plaintiffs' compensation, they were either isolated or inadvertent and Defendant reimbursed Plaintiffs for such deductions.

        Respectfully submitted,

        /s/ Ryan D. Barack
        **Ryan D. Barack**
        Florida Bar No. 0148430
        Primary: rbarack@ksbclaw.com
        Secondary: jackie@ksbclaw.com
        **Michelle Erin Nadeau**
        Florida Bar No. 0060396
        Primary: mnadeau@ksbclaw.com
        Secondary: jackie@ksbclaw.com
        **Kwall, Showers, Barack & Chilson, P.A.**
        133 North Fort Harrison Avenue
        Clearwater, Florida 33755
        (727) 441-4947
        (727) 447-3158 Fax
        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished via the Court's Electronic Filing System on August 25, 2015 to:

Melanie A. Newby
Jodat Law Group, P.A.
Attorney For: Paula Bishop-Ivory
521 Ninth Street West
Bradenton, FL   34205
Phone: (941) 749-1901
Fax: (941) 741-8642

Email Address: melanie.newby@jodatlawgroup.com

/s/ Ryan D. Barack
**Attorney**